RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; CARMELO ROSADO RODRÍGUEZ, Claimant.

No. 262. Argued March 1, 1943.—Decided March 8, 1943.

*M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General, and G. Atiles Moréu, Angel de Jesús Matos, and Joaquín Correa Suárez, Legal Advisers of State Insurance Fund, for petitioner. Carmelo Rosado Rodríguez, pro se.*

MR. JUSTICE SNYDER delivered the opinion of the court.

A worker was injured in the course of his employment, and was furnished medical treatment therefor by the Administrator of the State Fund. He was examined by physicians of the Fund, and was taken before the medical advisor of the Industrial Commission. Medical reports of these examinations were submitted to the administrator. The latter issued a decision based on these reports. He found that the worker was interfering with his medical treatment and ordered that he be deprived of his right to receive any compensation for the accident, without prejudice to the continuation of medical treatment for complete cure. The worker appealed to the Industrial Commission. The Commission entered the following order:

"Whereas in the present case, in which the Administrator alleges that the laborer has interfered with the treatment of his injury, the Commission has not been given an opportunity to follow the procedure established by the Supreme Court of Puerto Rico in

the case of Luis Santos (58 P.R.R. 312), since the laborer was not brought in the first instance to the Industrial Commission or before one of its Commissioners, in accordance with the ruling of this Commission in Celestino Díaz, C.I. 17218, and Dolores Vázquez Mercado, C.I. 17287, the decision of the Administrator of the State Insurance Fund is reversed, and he is ordered to pay to the laborer the compensation to which he is entitled according to law."

The Commission denied a motion for reconsideration, and we brought the case here to review its action.

■■ In entering its order, the Commission apparently overlooked our decision in *González* v. *Industrial Commission*, 60 P.R.R. 606, involving facts almost identical to the facts herein. In passing on this question, we said in the *González* case at p. 607: "The general scheme of this act is that the Manager of the Fund in the first instance makes the decisions. If a workman is dissatisfied with such a decision, he may, by following the procedure outlined in the statute, obtain a review thereof by the Industrial Commission. *Montaner* v. *Industrial Commission*, 52 P.R.R. 891. It is true that the statute sets forth a few instances in which the manager submits the facts to the commission for its decision without prior decision by himself. But the instant case clearly comes within the general pattern of the statute. Paragraph 4 of §5, Act No. 45, Laws of Puerto Rico, 1935.

"In the absence of any previous action by the manager depriving the petitioner of his right to receive compensation, the Industrial Commission therefore had no authority to enter the order herein. The question now under consideration was not raised in *Santos* v. *Industrial Commission*, 58 P.R.R. 312. Nothing we said there affects our conclusion here that under the facts of the instant case a prior decision of the manager is required before the Industrial Commission may act."

In the *Santos* case, the order of the Commission was reversed because the worker *never* had an opportunity to present his defense. Whether or not it was error to bring the

worker before the Commission prior to a decision by the Administrator, was not raised or considered in the *Santos* case. When the latter question was presented to this Court for the first time in the *González* case, we held, as has been noted, that a decision by the Administrator is the first requisite. Thereafter, if dissatisfied, the worker may appeal therefrom.

The Administrator therefore acted properly in deciding the instant case without first bringing the worker before the Commission. Consequently, it was incumbent upon the Commission to decide on its merits the appeal taken by the worker from the decision of the Administrator.

The decision of the Industrial Commission will be reversed and the case remanded to the Commission for fruther proceedings not inconsistent with this opinion.

Mr. Justice De Jesús did not participate herein.